FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2009 MAY 12 AM 8:34
CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMUEL NATHANIEL BAILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 109-051 |
| | ) | |
| HUGH SMITH, Warden, and THURBERT | ) | |
| E. BAKER, Attorney General for the State | ) | |
| of Georgia, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Samuel Nathaniel Bailey filed the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED** as **MOOT** (doc. no 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

---

[1] Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

# I. BACKGROUND

Petitioner seeks to challenge his convictions for felony murder, armed robbery, and possession of a firearm, rendered on December 20, 1996, in the Superior Court of Richmond County, Georgia. (Doc. no. 1, p. 3). Petitioner reports that following his conviction, he was sentenced to two consecutive life sentences, "plus . . . 5 years." (Id.). He also avers that he appealed to the Georgia Supreme Court, which affirmed his conviction on January 8, 2001. (Id.).

Petitioner discloses in the instant petition that following his direct appeal, he filed a state petition for a writ of habeas corpus in the Superior Court of Hancock County, Georgia, on March 19, 2008, alleging various errors committed by the trial court, a defective indictment, and an illegally imposed sentence. (Id. at 3-7, 10). An evidentiary hearing was held, and the state habeas court denied Petitioner relief on June 19, 2008. (Id. at 4). The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause ("CPC") to appeal the state habeas court's decision on November 3, 2008. (Id.). Petitioner's "extraordinary motion for reconsideration" of the denial of his CPC application was denied as well. (Doc. no. 1, p. 4). Petitioner executed the instant petition for a federal writ of habeas corpus on April 6, 2009, raising the same claims he contends were raised in his state habeas petition.

## II. DISCUSSION

Regardless of the merits of Petitioner's claims, the instant petition faces two formidable obstacles. First, Petitioner is attempting to challenge convictions rendered more than ten years ago. Section 2254 petitions are governed by a one-year statute of limitations; thus, the instant petition is time-barred.[2] See 28 U.S.C. § 2244(d)(1). In any event, it is subject to dismissal as a second or successive petition because, as noted in footnote 2, Petitioner previously sought federal habeas relief. See Bailey v. Barrow, CV 105-027 (S.D. Ga. Feb. 25, 2005) (hereinafter "CV 105-027").

### A. Judicial Notice of the Court's Documents

This Court has the authority to take judicial notice of its own documents. United States v. Rey, 811 F.2d 1453, 1457 n. 5 (11th Cir.1987) ("A court may take judicial notice of its own records and the records of inferior courts."). Within this Court's records are the original application by Petitioner for a writ of habeas corpus, the undersigned's Report and Recommendation that the prior petition be dismissed as untimely, and the Order of the Honorable Dudley H. Bowen, Jr., United States District Judge, adopting the Report and Recommendation as the opinion of the district court. See CV 105-027, doc. nos. 1, 11, & 15. Pursuant to the Court's power to take judicial notice of its own records, the Court **FINDS** that Petitioner has filed a prior application for a writ of habeas corpus, thereby making the current application his second application with this Court.

---

[2]Indeed, Petitioner previously filed an application for a federal writ of habeas corpus that was dismissed as untimely. See Bailey v. Barrow, CV 105-027, doc. no. 11, *adopted by* doc. no. 15 (S.D. Ga. Sept. 8, 2005).

3

## B. Second and Successive Applications for a Writ of Habeas Corpus

The relevant portion of 28 U.S.C. § 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, states, "Before a second or successive [habeas corpus] application[3] permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).[4] Thus,

---

[3] With limited exceptions that do not apply to this case, a petition for habeas corpus is considered "second or successive" when the petitioner's first petition has already been dismissed on the merits; the second petition is considered "second or successive" even if it is comprised of previously unexhausted claims. Burton v. Stewart, 549 U.S. 147, 154-55 (2007) (*per curiam*). In this regard, dismissal of a habeas corpus petition on statute of limitations grounds constitutes, as a matter of law, an adjudication on the merits for the purposes of § 2244(b)(3)'s second or successive petition requirements. See Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions . . . ."); Altman v. Benik, 337 F.3d 764, 766 (7th Cir. 2003) (*per curiam*) ("We hold today that a prior untimely [§ 2254] petition does count [as an adjudication on the merits] because a statute of limitations bar is . . . an irremediable defect barring consideration of [a] petitioner's substantive claims."); see also Melton v. Fla. Dep't of Corr., No. 8:07-CV-1098, 2009 WL 331603, at *2 (M.D. Fla. Feb. 10, 2009) (applying Murray to determine that dismissal of prior petition as time-barred rendered subsequent petition "second or successive"); Fisher v. Jones, No. 06-0855-WS-M, 2007 WL 12322161, at *3 n.1 (S.D. Ala. Apr. 24, 2007) (citing Murray, 394 F.3d at 81; Altman, 337 F.3d at 766). Thus, the dismissal Petitioner's previous § 2254 petition as time-barred constituted an adjudication on the merits that renders the instant petition "second or successive."

[4] Section 2244 is applicable to § 2254 applications by virtue of the following provisions of § 2244:

(b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.

(2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless–

4

§ 2254 petitioners must "obtain[] authorization in the court of appeals before filing a second or successive [habeas corpus] application . . . ." Guenther v. Holt, 173 F.3d 1328, 1332 (11th Cir. 1999). Without this authorization, the district court correctly dismisses second and successive habeas corpus applications. In re Medina, 109 F.3d 1556, 1564 (11th Cir. 1997) (*per curiam*). Petitioner does not state that he has either sought or been granted permission to file a second or successive § 2254 petition in this Court. Without authorization from the Eleventh Circuit Court of Appeals, this Court cannot consider Petitioner's claims. See id. ("Instead of filing a pleading in the district court attempting to evade the provisions of 28 U.S.C. § 2244(b), as amended, [Petitioner] should have begun by filing in this Court [the Eleventh Circuit Court of Appeals] an application seeking a certificate permitting him to file a second application in the district court, as required by § 2244(b)(3)(A). Because [Petitioner] did not obtain such a certificate, the district court correctly dismissed his habeas application . . . ." Id.).

Petitioner has not stated that he has received permission from the Eleventh Circuit to file a second or successive application for a writ of habeas corpus, and this Court has

---

>    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b).

5

received no authorization to address such an application from Petitioner. As a result, this Court lacks the authority to address Petitioner's application.

### III. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases, the Court **FINDS** that Petitioner has filed a second application for a writ of habeas corpus without first obtaining the requisite authorization from the Eleventh Circuit Court of Appeals. Therefore, the Court **REPORTS** and **RECOMMENDS** that Petitioner's motion to proceed *in forma pauperis* be **DENIED** as **MOOT** (doc. no 2), that this case be **DISMISSED**, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 12th day of May, 2009, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE