IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| SAMUEL NATHANIEL BAILEY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 109-051 |
| HUGH SMITH, Warden, and THURBERT E. BAKER, Attorney General for the State of Georgia, | ) ) ) ) | |
| Respondents. | ) ) | |

## ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. The Magistrate Judge recommended that the instant petition be dismissed because Petitioner had previously filed a federal habeas petition and had not received permission from the Eleventh Circuit Court of Appeals to file a second or successive petition. (See generally doc. no. 3). Petitioner's main objection is that he was unaware of the requirement that he must obtain authorization from the Eleventh Circuit and that his petition should not be dismissed for "violating [a] technical procedural rule." (Doc. no. 5, p. 4).

Contrary to Petitioner's assertion, the rule set forth at 28 U.S.C. § 2244(b)(3)(A) is not a "technical procedural rule," but rather one that is jurisdictional in nature. The Eleventh Circuit has consistently held that the failure of a federal habeas petitioner to obtain the

requisite authorization deprives the district court of jurisdiction to consider a second or successive habeas petition. Tompkins v. Sec'y, Dep't of Corr., 557 F.3d 1257, 1258 (11th Cir. 2009) ("Section 2244(b)(3)(A) requires a district court to dismiss *for lack of jurisdiction* a second or successive petition for a writ of habeas corpus unless the petitioner has obtained an order authorizing the district court it." (emphasis added)); Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1350 (11th Cir. 2008) (noting that the "gatekeeping requirement" governing second or successive habeas corpus applications "implicates the district court's jurisdiction to entertain a habeas petition"); United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005) ("Without authorization [from the Eleventh Circuit Court of Appeals,] the district court *lacks jurisdiction* to consider a second or successive petition." (emphasis added)); see also Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003) (citations omitted) (finding that the district court was without jurisdiction to consider a second or successive § 2255 petition without the requisite authorization). Thus, Petitioner's argument that his failure to obtain the requisite authorization is a mere technical violation that should be overlooked is without merit. This Court is without jurisdiction to consider the petition, and Petitioner's objection is **OVERRULED**.[1]

---

[1] The remainder of Petitioner's objections are likewise without merit and are also **OVERRULED**.

Accordingly, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of the Court. Therefore, Petitioner's motion to proceed *in forma pauperis* is **DENIED** as **MOOT** (doc. no. 2), this case is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 4th day of June, 2009, at Augusta, Georgia.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE